Joseph Abrams, Cal. State Bar No. 190485
Email: joseph@josephabramslaw.com
Law Office of Joseph Abrams
900 W. 17th Street, Suite E
Santa Ana, CA 92706
Telephone: 714-883-9822
Attorney for Donald Shane Fraser

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>SHANE DONALD FRASER,<br><br>     Defendant | Case No.: 2:07-cr-00120-WBS-02<br><br>DEFENDANT'S UNOPPOSED MOTION AND ORDER TO MODIFY THE PRESENTENCE INVESTIGATION REPORT |

Defendant Shane Fraser, by and through his counsel of record, Joseph Abrams, hereby requests that the Court Order that the Presentence Investigation Report (PSR) be modified.

**Background**

On August 11, 2025, the United States Probation Office (USPO) filed with the Court and disclosed to the parties the final PSR. ECF No. 369.

On August 15, 2025, undersigned counsel filed Mr. Fraser's formal objections to the PSR, wherein Mr. Fraser set forth unresolved factual disputes and legal objections to the PSR and moved the Court to make certain findings and Order corrections to the PSR. ECF No. 370. Mr. Fraser's legal objections to the PSR included paragraph 29 (failure to apply 2-level safety-valve reduction), paragraph 31 (incorrect application of 3-level aggravating role enhancement), and paragraph 33 (failure to apply 2-level zero-point offender reduction). As to each objection, Mr. Fraser requested that the Court Order the PSR modified.

On September 2, 2025, during Mr. Fraser's sentencing hearing, the Court sustained each of the three objections identified above. However, undersigned counsel failed to make an oral motion on the record for an Order to modify the PSR to reflect the sustained objections.

On September 2, 2025, following Mr. Fraser's sentencing hearing, undersigned counsel inquired with the Probation Officer as to whether an amended PSR would be disclosed, and was informed that an amended PSR would *not* be disclosed absent a Court Order.

**Motion to Modify**

The PSR, as it currently reads, contains a 3-level aggravating role enhancement that the Court found does *not* apply, and excludes 2-level reductions each for safety-valve and zero-point offender that the Court found *do* apply. By extension, the PSR reflects a total offense level and guideline sentencing range that is significantly greater than the Court calculated.

The presence of an aggravating role enhancement in the PSR negatively effects Mr. Frasor's security assessment by the Bureau of Prisons (BOP), which in turn impacts his housing and program eligibility opportunities while in BOP custody. The elevated offense level and sentencing range also potentially impact Mr. Fraser's security assessment.

Due to the likelihood that Mr. Fraser will be prejudiced by the incorrect application of the guidelines as currently presented in the PSR, he respectfully request that the Court Order that the PSR be modified to accurately reflect the Court's findings with respect to each of paragraphs 29, 31, and 33, and the resulting total offense level and sentencing range.

Undersigned counsel for defendant Shane Fraser, Joseph Abrams, hereby attests that counsel for the United States of America, Heiko Coppola, does *not* oppose this motion.

DATED: September 3, 2025              Respectfully submitted,

                                      /s/Joseph Abrams
                                      Joseph Abrams
                                      Attorney for Shane Fraser

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  September 4, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE